| | |
|---|---|
| 1 | Dawyn R. Harrison, County Counsel (SBN: 173855) |
| | Scott Kuhn, Assistant County Counsel, (SBN: 190517) |
| 2 | Dušan Pavlović, Senior Deputy County Counsel (SBN: 228509) |
| | Caroline K. Castillo, Deputy County Counsel (SBN: 236987) |
| 3 | OFFICE OF THE COUNTY COUNSEL |
| | 648 Kenneth Hahn Hall of Administration |
| 4 | 500 West Temple Street |
| | Los Angeles, California 90012-2713 |
| 5 | Telephone: (213) 974-1811 |
| | Facsimile: (213) 626-7446 |

Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
Jenny L. Riggs (SBN: 204417)
jriggs@meyersnave.com
Catherine L. Carlisle (SBN: 298316)
ccarlisle@meyersnave.com
Seena M. Samimi (SBN: 246335)
ssamimi@meyersnave.com
MEYERS NAVE
707 Wilshire Blvd., 24th Floor
Los Angeles, California 90017
Telephone: (213) 626-2906
Facsimile: (213) 626-0215

Attorneys for Plaintiffs
THE PEOPLE OF THE STATE OF
CALIFORNIA and THE COUNTY OF LOS
ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, by and through Dawyn R. Harrison, County Counsel for the County of Los Angeles, and THE COUNTY OF LOS ANGELES,<br><br>                    Plaintiffs,<br><br>      v.<br><br>CHIQUITA CANYON, LLC, a Delaware limited liability company; CHIQUITA CANYON, INC., a Delaware corporation; WASTE CONNECTIONS US, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No. 2:24-cv-10819-MEMF (MARx)<br>Related Case: 2:23-cv-08380-MEMF (MARx)<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL SITE VISIT IN CONNECTION WITH COUNTY'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Date:       July 17, 2025<br>Time:      10:00 a.m.<br>Dept.:      8B<br><br>Action Filed:     December 16, 2024<br>Trial Date:         None Set |

## I.   INTRODUCTION

Plaintiffs the People of the State of California by and through the County of Los Angeles ("Plaintiffs" or "the County") hereby request that this Court visit the locations at issue in the County's concurrently filed Motion for Preliminary Injunction ("Motion"). The County requests the Court inspect the Chiquita Canyon Landfill located at 29201 Henry Mayo Dr, Castaic, CA 91384 ("Landfill") along with the adjacent Val Verde residential neighborhood as reflected in the map below:

## II.   A SITE VISIT IS APPROPRIATE HERE

"The propriety of a judge, either with or without a jury, making an on-site view of areas outside the courtroom is well established and, in fact, is recorded in English law as early as the thirteenth century." (*United States v. State of Wash.*, 459 F. Supp. 1020, 1094–95 (W.D. Wash. 1978), *aff'd,* 645 F.2d 749 (9th Cir. 1981) [citing multiple cases and secondary sources confirming trial court's discretion to conduct a site visit].)

"A trial judge is more than a moderator or umpire. His responsibility is to preside in the manner and with the demeanor to provide a fair trial to all parties and his discretion in the performance of this duty and management is wide. … One of the functions of the trial judge is to develop facts." (*U.S. v. Larson*, 507 F.2d 385, 389 (9th Cir. 1974) [internal citations and quotes omitted]; *see also*, *U.S. v. Professional Air Traffic Controllers Organization (PATCO)*, 527 F.Supp. 1344 (N.D. Ill. 1981) [judge permitted to visit scene of picketing at issue in the case].

The request for a judicial site visit is needed because words on a page, or in a brief or declaration, argument from counsel a hearing, and even testimony from live witnesses at a hearing, are no substitute for the Court's own ability to assess the situation, view the actual scene, and smell the odors that are the subject of the County's concurrently filed Motion.  Rather, to fully "develop facts" and understand the issues raised in the County's Motion, a site visit is necessary.

As discussed in the Motion, and in the factual declarations filed in support thereof (such as the South Coast Air Quality Management District declaration from Amanda Sanders), the human nose can detect odors that machines and monitors cannot. (Sanders Declaration, Par. 23 ["many noxious smells can be more aptly detected by the human nose as opposed to a measuring device"].) This fact alone further supports the need for a site inspection here.  An inspection will allow the Court a unique perspective on the issues that have been in play for months on end adjacent to the Landfill.

Indeed, the only way for the Court to truly understand what the neighboring communities surrounding the Landfill have been suffering through for years, is for the Court to visit the site, and specifically, for Judge Frimpong to have the benefit of this on-site inspection.

### III. LOGISTICS AND SAFETY PROTOCOLS

As part of the site inspection, the County proposes that the parties should meet and confer regarding the appropriate timing, logistics and safety protocols, and present to the Court further documentation relating to the details of the visit. Specifically, the County suggests that within 5 days of the Court's Order to grant the request for a judicial site visit, the parties be ordered to meet and confer regarding appropriate protocols, and within 15 days of the Court's Order, the parties jointly submit a logistics and protocols document, which would specify: 1) the appropriate

locations to visit, 2) proposed dates/timing options for the visit, 3) the parties to be present, 4) the logistics and potential agenda for the visit; and 5) any relevant safety protocols.

## IV. CONCLUSION

Based on the foregoing, the County requests that the Court grant the County's request for a judicial site visit.

DATED:  May 29, 2025                        MEYERS NAVE


By: _____/s/Jenny L. Riggs_____
    DEBORAH J. FOX
    JENNY L. RIGGS
    CATHERINE L. CARLISLE
    SEENA M. SAMIMI
    Attorneys for Plaintiffs
    THE PEOPLE OF THE STATE OF
    CALIFORNIA and THE COUNTY OF LOS
    ANGELES

6124589