1  Dawyn R. Harrison, County Counsel (SBN: 173855)
   Scott Kuhn, Assistant County Counsel, (SBN: 190517)
2  Dušan Pavlović, Senior Deputy County Counsel (SBN: 228509)
   Caroline K. Castillo, Deputy County Counsel (SBN: 236987)
3  OFFICE OF THE COUNTY COUNSEL
   648 Kenneth Hahn Hall of Administration
4  500 West Temple Street
   Los Angeles, California 90012-2713
5  Telephone: (213) 974-1811
   Facsimile: (213) 626-7446
6
   Deborah J. Fox (SBN: 110929)
7  dfox@meyersnave.com
   Jenny L. Riggs (SBN: 204417)
8  jriggs@meyersnave.com
   Catherine L. Carlisle (SBN: 298316)
9  ccarlisle@meyersnave.com
   Seena M. Samimi (SBN: 246335)
10 ssamimi@meyersnave.com
   MEYERS NAVE
11 707 Wilshire Blvd., 24th Floor
   Los Angeles, California 90017
12 Telephone: (213) 626-2906
   Facsimile: (213) 626-0215
13
   Attorneys for Plaintiffs
14 THE PEOPLE OF THE STATE OF
   CALIFORNIA and THE COUNTY OF LOS
15 ANGELES

16              **UNITED STATES DISTRICT COURT**

17          **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

18

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, by and through Dawyn R. Harrison, County Counsel for the County of Los Angeles, and THE COUNTY OF LOS ANGELES,<br><br>Plaintiffs,<br><br>v.<br><br>CHIQUITA CANYON, LLC, a Delaware limited liability company; CHIQUITA CANYON, INC., a Delaware corporation; WASTE CONNECTIONS US, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-10819-MEMF (MARx)<br><br>Related Case: 2:23-cv-08380-MEMF (MARx)<br><br>**DECLARATION OF ATTORNEY DEBORAH J. FOX IN SUPPORT OF PLAINTIFF COUNTY OF LOS ANGELES' OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION [ECF NO. 71]**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Trial Date:          None Set |

## DECLARATION OF DEBORAH J. FOX

I, Deborah J. Fox, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a principal of Meyers Nave, attorneys of record for the People of The State of California and the County of Los Angeles. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. To avoid burdening the Court with the ex parte application, I made a second offer to Defendants to attempt to resolve the dispute. On June 5, 2025, at 3:05 pm, I sent an email to Ariel Neuman and Kaitlyn Shannon, copied to six other defense lawyers as well as my team, offering a further path to resolve the dispute. In addition to extra briefing time already offered, as well as the protective order and production of personal data, I offered to make Dr. Harold Campbell available for an hour's deposition regarding his analysis of the data. Attached hereto as Exhibit A is a true and correct copy of that email.

3. I requested a response to that offer by noon today, with the *ex parte* application being withdrawn by 1:30 pm. Attached hereto as Exhibit B is a true and correct copy of Ms. Shannon's email response to me, declining the County's offer to resolve the dispute.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of June, 2025, at Oakland, California.

/s/Deborah J. Fox
Deborah J. Fox

6207960

# EXHIBIT A

| | |
|---|---|
| **From:** | Fox, Deborah |
| **To:** | Ariel A. Neuman; Kaitlyn D. Shannon |
| **Cc:** | MN Internal Chiquita Canyon; Jake Duginski; Megan L. Morgan; James B. Slaughter; Katelyn E. Ciolino; Shoshana E. Bannett; Dusan Pavlovic; Caroline K. Castillo (ccastillo@counsel.lacounty.gov); Paul S. Chan |
| **Subject:** | RE: People of the State of California v. Chiquita Canyon, LLC - Preliminary Injunction Meet and Confer |
| **Date:** | Thursday, June 5, 2025 3:05:07 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |

Dear Counsel:

We have reviewed CCL's ex parte application and while we do not believe it has merit, we nonetheless reach out in an effort to resolve same without the need for court intervention. We note that the vast majority of data cited by the County is (and has been) in the possession and control of CCL and is not "new" information that you or your experts need to digest, with the possible limited exception of the AQMD data on complaints resulting in NOVs that declarant Harold Campbell offers in his declaration. Accordingly, we offer the following as a path to resolution here:

1. We stand by our initial offer for CCL to have an extra week on its opposition brief with an added week also provided on the County's reply.

2. That CCL sign the protective order allowing the release of the AQMD data reference in Dr. Campbell's declaration. Once the protective order is signed that data can be released your way.

3. That the County would then make Dr. Campbell available for a one-hour deposition within a week after provision of the data to CCL. We will also provide you all with a cv for Dr. Campbell if he has one developed.

4. That CCL withdraw its ex parte application by 1:30 pm tomorrow – Friday, June 6th.

For all the reasons discussed in my original email on June 3rd – the County believes this is a fair and reasonable resolution on the briefing dispute currently at play. I look forward to your response by Friday noon.
Best
Deborah

**Deborah J. Fox**
Principal

meyers | nave

email   bio   website
*office:* 213.626.2906
Oakland • Los Angeles • West Los Angeles • Sacramento • San Diego

Confidentiality Notice: This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If

you are not the intended recipient, please contact the sender and delete all copies.

**From:** Ariel A. Neuman <aneuman@birdmarella.com>
**Sent:** Wednesday, June 4, 2025 8:25 AM
**To:** Fox, Deborah <dfox@meyersnave.com>; Kaitlyn D. Shannon <kshannon@bdlaw.com>
**Cc:** MN Internal Chiquita Canyon <MNInternalChiquitaCanyon@meyersnave.com>; Jake Duginski <jduginski@bdlaw.com>; Megan L. Morgan <mmorgan@bdlaw.com>; James B. Slaughter <jslaughter@bdlaw.com>; Katelyn E. Ciolino <kciolino@bdlaw.com>; Shoshana E. Bannett <sbannett@birdmarella.com>; Dusan Pavlovic <dpavlovic@counsel.lacounty.gov>; Caroline K. Castillo (ccastillo@counsel.lacounty.gov) <ccastillo@counsel.lacounty.gov>; Paul S. Chan <pchan@birdmarella.com>
**Subject:** RE: People of the State of California v. Chiquita Canyon, LLC - Preliminary Injunction Meet and Confer

[EXTERNAL E-MAIL]

Deborah –

Thank you for your email. As we explained during our call and in our letter, your proposal does not address our concerns and would not allow our client sufficient time to prepare an appropriate response to the extraordinary relief your clients are seeking. We also disagree with several of the points you raise below. It does not appear that further meet and confer will bridge the gap between the parties, and in light of the imminent deadlines, we cannot further delay in seeking the Court's intervention. We will proceed with our ex parte application as noticed – we intend to file it today.

Best,
Ariel

_____

**Ariel A. Neuman**
Partner

**Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP**
1875 Century Park East, 23rd Floor, Los Angeles, California 90067-2561
www.birdmarella.com • 310.201.2100 • LinkedIn • aneuman@birdmarella.com

**From:** Fox, Deborah <dfox@meyersnave.com>
**Sent:** Tuesday, June 3, 2025 3:58 PM
**To:** Kaitlyn D. Shannon <kshannon@bdlaw.com>
**Cc:** MN Internal Chiquita Canyon <MNInternalChiquitaCanyon@meyersnave.com>; Jake Duginski <jduginski@bdlaw.com>; Megan L. Morgan <mmorgan@bdlaw.com>; James B. Slaughter <jslaughter@bdlaw.com>; Katelyn E. Ciolino <kciolino@bdlaw.com>; Shoshana E. Bannett <sbannett@birdmarella.com>; Dusan Pavlovic <dpavlovic@counsel.lacounty.gov>; Caroline K. Castillo (ccastillo@counsel.lacounty.gov) <ccastillo@counsel.lacounty.gov>; Paul S. Chan

<pchan@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>
**Subject:** FW: People of the State of California v. Chiquita Canyon, LLC - Preliminary Injunction Meet and Confer
**Importance:** High

---

**\*\*EXTERNAL EMAIL MESSAGE\*\***

Counsel:

Thank you for the call yesterday and the opportunity to meet and confer as to the People and County's (collectively "the County's") preliminary injunction motion that is set for hearing on July 17, 2026, with a companion briefing schedule set in compliance with the Local Rules and Judge Frimpong's Standing Order.

We appreciate your letter dated June 2nd confirming additional specifics of your proposal which includes expansive discovery – you have proposed both written discovery along with an extensive slate of depositions and moving the briefing schedule out to August with no actual proposed hearing date. This proposal is laden with extensive delays which are not in keeping with the nature of the injunctive relief and the irreparable harm that is at play for the community adjacent to the Chiquita Canyon Landfill.

The numerous delays inherent in Chiquita Canyon Landfill's ("CCL's") proposal are simply unacceptable and seem designed simply to lengthen this process, when the underlying issues at play with the various regulators and supporting documentation are all well known and in the possession of CCL. While CCL makes much of the timing of this motion, it fails to acknowledge that this action was filed in late December 2024; that CCL unilaterally terminated its community assistance fund in February of 2025; and just recently in May of this year that Department of Toxic Substances Control determined in that the noxious reaction from the landfill, rather than being contained and shrinking, had actually expanded to some 90 acres. The County moved with all due speed in bringing the preliminary injunction motion and CCL was provided with the requisite 42-day notice mandated by Judge Frimprong's Standing Order.

We have reviewed your proposal and suggest that a much more modest extension of the briefing schedule is appropriate in these circumstances. During our call we suggested that CCL's opposition date be extended by one

week to June 19 and that the County's reply brief would also move a week to July 3rd. This would give the parties some added time while keeping the current July 17th hearing date and giving the Court sufficient time to prepare. It bears noting that the factual issues are not actually in dispute but rather, the numerous exhibits are offered to the Court to lay the factual foundation that is taken from the various federal and state regulators that have issued violations, notices, proposed testing, and analyses, etc. which are all in CCL's possession and have been for some time.

The overarching issue is the scope of the requested relief – but this issue is not so complicated as to warrant the lengthy and drawn-out process that CCL suggests. While the requested dollar figure for the temporary relocation fund appears significant, when viewed within the scope of the odor issues caused by the Landfill and the years that the Landfill has these odor issues, it is plain that relief is warranted.

The County does recognize that the declaration of Jake Campbell includes some data that CCL will want to review. Towards that end I am providing you with a draft protective order to allow for the release of this confidential data. Please take a look and let us know if you see any needed edits and we can finalize same and release the referenced data.

The County urges CCL to accept this much more reasonable briefing proposal and to let the Court adjudicate the merits of the County's requested relief for a temporary relocation fund with all due speed. The residents have suffered enough, and further delays simply add insult to injury. The County also offers these additional thoughts on the inherent unreasonable nature of your ask to have an almost 2-month delay on your opening brief (from June 12th to August 9th) and the County's inability to agree to such a delayed litigation scenario which includes:

1. The Local Rules already have a process for examination of declarants in a preliminary injunction motion hearing, and the County stands ready to meet and confer regarding parameters for that (i.e., the number of witnesses, time estimates, factual disputes, etc.), but no discovery beyond Rule 7-8 is warranted or justified here. I would note that this need for live testimony under Rule 7-8 is predicated on the foundational issue of any factual dispute(s). Here, the underlying facts are not in dispute: that the

noxious reaction exists, that the complaints are extensive, and that the reaction and its attendant odors impacts the public's ability to use their homes and enjoy their outdoor spaces. The dispute at hand in this matter is related to the scope and nature of the remedy. Nevertheless, we are ready to meet and confer with you and hear the scope of the disputed issues that CCL can offer that would require live testimony. I would note that of the County's 11 declarants, 3 are residents and 1 is counsel who authenticated records, which realistically leaves just 7 declarants. The County has informed all the declarants to keep July 17th open and be available to testify should the Court allow such under Rule 7-8. This set schedule will become quite problematic should CCL's proposal move forward and demand the need to contact the various declarants and their counsel to find a new hearing date.

2. The discovery requests are excessive, and an obvious delay tactic, and we will not stipulate. CCL has no justification to leapfrog ahead of all the other parties and avoid the limits of the discovery order. And, CCL has offered no support for such a position in a multi-party case of this nature with its companion case management plans within the Central District.

3. The documents that CCL references are already in your possession, custody, and control as Judge Frimprong noted as well at the hearing on the Motion to Dismiss.

4. The hearing date was set in keeping with the 42 days' notice required by Judge Frimprong's standing order and your protestations on the swiftness of the hearing date fails to acknowledge the underlying critical nature of a preliminary injunction is to halt the irreparable harm the community is suffering. Your narrative of the timing leaves out several important facts, including that CCL stopped its relief program in February and that the reaction continues to grow with no end date on the horizon for the community.

The County again offers to grant CCL a modest extension to the briefing schedule and to entertain any dates you may want to suggest but it is imperative that the July 17th hearing date remain on calendar.

The County looks forward to hearing your response to our counter proposal.

Best
Deborah

# EXHIBIT B

| | |
|---|---|
| **From:** | Kaitlyn D. Shannon |
| **To:** | Fox, Deborah; Ariel A. Neuman |
| **Cc:** | MN Internal Chiquita Canyon; Jake Duginski; Megan L. Morgan; James B. Slaughter; Katelyn E. Ciolino; Shoshana E. Bannett; Dusan Pavlovic; Caroline K. Castillo (ccastillo@counsel.lacounty.gov); Paul S. Chan |
| **Subject:** | RE: People of the State of California v. Chiquita Canyon, LLC - Preliminary Injunction Meet and Confer |
| **Date:** | Friday, June 6, 2025 11:07:00 AM |
| **Attachments:** | image001.png |

Deborah,

Thank you for your email. We cannot agree to your proposal, which is largely identical to your prior proposal, with the exception of now also offering a deposition of one witness for one hour. In our ex parte motion, we seek the minimum amount of discovery Chiquita needs to defend itself in the face of the $20+ million mandatory injunction the County seeks. Chiquita needs to evaluate the underlying data and depose your declarants. One data set and a one-hour deposition of a single declarant are markedly insufficient.

We must also correct the record. The majority of the facts and data the County relies upon is **not** data Chiquita already has. Indeed, Chiquita has been unable to conduct any discovery of the fact witnesses whose declarations the County provides in support of its motion. Chiquita has never had access to the survey data relied upon by DPH. And while Chiquita has some SCAQMD odor complaint data, this data redacts complainant-identifying information and is manipulated to obscure precise complainant location information before it is shared with Chiquita, thus making it impossible to assess or test the information. Chiquita does not know who complained or the address associated with the complaint (and thus, how many unique complainants there actually are, and where they are located). To the extent Chiquita does have any of this information, it has not been reviewed, processed, or analyzed in the context of supposedly justifying relocating entire communities for half a year. This is all critical information for assessing not only the scope of relief the County seeks, but also whether a nuisance exists in the first place.

While Chiquita does have the orders attached as exhibits to some declarations, the more recent DTSC and LEA orders are being challenged through the administrative process, and Chiquita sharply disputes the factual findings for those orders. To the extent those same orders are being used as a basis for the County's requested injunctive relief, Chiquita will need to challenge those orders and their findings here too. Further, those orders say nothing about the need to relocate residents, and thus have never been evaluated by Chiquita for the purpose the County is now trying to use them.

We request the County includes this correspondence with its opposition to the ex parte motion because it addresses further meet and confer discussions.

**Kaitlyn D. Shannon**
Principal

**BEVERIDGE & DIAMOND PC**
O +1.202.789.6088 ~ KShannon@bdlaw.com

**From:** Fox, Deborah <dfox@meyersnave.com>
**Sent:** Thursday, June 5, 2025 6:05 PM
**To:** Ariel A. Neuman <aneuman@birdmarella.com>; Kaitlyn D. Shannon <KShannon@bdlaw.com>
**Cc:** MN Internal Chiquita Canyon <MNInternalChiquitaCanyon@meyersnave.com>; Jake Duginski <JDuginski@bdlaw.com>; Megan L. Morgan <MMorgan@bdlaw.com>; James B. Slaughter <JSlaughter@bdlaw.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Shoshana E. Bannett <sbannett@birdmarella.com>; Dusan Pavlovic <dpavlovic@counsel.lacounty.gov>; Caroline K. Castillo (ccastillo@counsel.lacounty.gov) <ccastillo@counsel.lacounty.gov>; Paul S. Chan <pchan@birdmarella.com>
**Subject:** RE: People of the State of California v. Chiquita Canyon, LLC - Preliminary Injunction Meet and Confer
**Importance:** High

**[EXTERNAL SENDER: Use caution with links/attachments]**

Dear Counsel:

We have reviewed CCL's ex parte application and while we do not believe it has merit, we nonetheless reach out in an effort to resolve same without the need for court intervention. We note that the vast majority of data cited by the County is (and has been) in the possession and control of CCL and is not "new" information that you or your experts need to digest, with the possible limited exception of the AQMD data on complaints resulting in NOVs that declarant Harold Campbell offers in his declaration. Accordingly, we offer the following as a path to resolution here:

1. We stand by our initial offer for CCL to have an extra week on its opposition brief with an added week also provided on the County's reply.

2. That CCL sign the protective order allowing the release of the AQMD data reference in Dr. Campbell's declaration. Once the protective order is signed that data can be released your way.

3. That the County would then make Dr. Campbell available for a one-hour deposition within a week after provision of the data to CCL. We will also provide you all with a cv for Dr. Campbell if he has one developed.

4. That CCL withdraw its ex parte application by 1:30 pm tomorrow – Friday, June 6th.

For all the reasons discussed in my original email on June 3rd – the County believes this is a fair and reasonable resolution on the briefing dispute currently at play. I look forward to your response by Friday noon.
Best

Deborah

**Deborah J. Fox**
Principal

**meyers | nave**

email   bio   website
*office:* 213.626.2906
Oakland • Los Angeles • West Los Angeles • Sacramento • San Diego

Confidentiality Notice: This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Ariel A. Neuman <aneuman@birdmarella.com>
**Sent:** Wednesday, June 4, 2025 8:25 AM
**To:** Fox, Deborah <dfox@meyersnave.com>; Kaitlyn D. Shannon <kshannon@bdlaw.com>
**Cc:** MN Internal Chiquita Canyon <MNInternalChiquitaCanyon@meyersnave.com>; Jake Duginski <jduginski@bdlaw.com>; Megan L. Morgan <mmorgan@bdlaw.com>; James B. Slaughter <jslaughter@bdlaw.com>; Katelyn E. Ciolino <kciolino@bdlaw.com>; Shoshana E. Bannett <sbannett@birdmarella.com>; Dusan Pavlovic <dpavlovic@counsel.lacounty.gov>; Caroline K. Castillo (ccastillo@counsel.lacounty.gov) <ccastillo@counsel.lacounty.gov>; Paul S. Chan <pchan@birdmarella.com>
**Subject:** RE: People of the State of California v. Chiquita Canyon, LLC - Preliminary Injunction Meet and Confer

**[EXTERNAL E-MAIL]**

Deborah –

Thank you for your email. As we explained during our call and in our letter, your proposal does not address our concerns and would not allow our client sufficient time to prepare an appropriate response to the extraordinary relief your clients are seeking. We also disagree with several of the points you raise below. It does not appear that further meet and confer will bridge the gap between the parties, and in light of the imminent deadlines, we cannot further delay in seeking the Court's intervention. We will proceed with our ex parte application as noticed – we intend to file it today.

Best,
Ariel

_____

**Ariel A. Neuman**
Partner

**Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP**
1875 Century Park East, 23rd Floor, Los Angeles, California 90067-2561
www.birdmarella.com • 310.201.2100 • LinkedIn • aneuman@birdmarella.com

**From:** Fox, Deborah <dfox@meyersnave.com>
**Sent:** Tuesday, June 3, 2025 3:58 PM
**To:** Kaitlyn D. Shannon <kshannon@bdlaw.com>
**Cc:** MN Internal Chiquita Canyon <MNInternalChiquitaCanyon@meyersnave.com>; Jake Duginski <jduginski@bdlaw.com>; Megan L. Morgan <mmorgan@bdlaw.com>; James B. Slaughter <jslaughter@bdlaw.com>; Katelyn E. Ciolino <kciolino@bdlaw.com>; Shoshana E. Bannett <sbannett@birdmarella.com>; Dusan Pavlovic <dpavlovic@counsel.lacounty.gov>; Caroline K. Castillo (ccastillo@counsel.lacounty.gov) <ccastillo@counsel.lacounty.gov>; Paul S. Chan <pchan@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>
**Subject:** FW: People of the State of California v. Chiquita Canyon, LLC - Preliminary Injunction Meet and Confer
**Importance:** High

**\*\*EXTERNAL EMAIL MESSAGE\*\***

Counsel:

Thank you for the call yesterday and the opportunity to meet and confer as to the People and County's (collectively "the County's") preliminary injunction motion that is set for hearing on July 17, 2026, with a companion briefing schedule set in compliance with the Local Rules and Judge Frimpong's Standing Order.

We appreciate your letter dated June 2nd confirming additional specifics of your proposal which includes expansive discovery – you have proposed both written discovery along with an extensive slate of depositions and moving the briefing schedule out to August with no actual proposed hearing date. This proposal is laden with extensive delays which are not in keeping with the nature of the injunctive relief and the irreparable harm that is at play for the community adjacent to the Chiquita Canyon Landfill.

The numerous delays inherent in Chiquita Canyon Landfill's ("CCL's") proposal are simply unacceptable and seem designed simply to lengthen this process, when the underlying issues at play with the various regulators and supporting documentation are all well known and in the possession of CCL. While CCL makes much of the timing of this motion, it fails to acknowledge that this action was filed in late December 2024; that CCL unilaterally terminated its community assistance fund in February of 2025; and just recently

in May of this year that Department of Toxic Substances Control determined in that the noxious reaction from the landfill, rather than being contained and shrinking, had actually expanded to some 90 acres. The County moved with all due speed in bringing the preliminary injunction motion and CCL was provided with the requisite 42-day notice mandated by Judge Frimprong's Standing Order.

We have reviewed your proposal and suggest that a much more modest extension of the briefing schedule is appropriate in these circumstances. During our call we suggested that CCL's opposition date be extended by one week to June 19th and that the County's reply brief would also move a week to July 3rd. This would give the parties some added time while keeping the current July 17th hearing date and giving the Court sufficient time to prepare. It bears noting that the factual issues are not actually in dispute but rather, the numerous exhibits are offered to the Court to lay the factual foundation that is taken from the various federal and state regulators that have issued violations, notices, proposed testing, and analyses, etc. which are all in CCL's possession and have been for some time.

The overarching issue is the scope of the requested relief – but this issue is not so complicated as to warrant the lengthy and drawn-out process that CCL suggests. While the requested dollar figure for the temporary relocation fund appears significant, when viewed within the scope of the odor issues caused by the Landfill and the years that the Landfill has these odor issues, it is plain that relief is warranted.

The County does recognize that the declaration of Jake Campbell includes some data that CCL will want to review. Towards that end I am providing you with a draft protective order to allow for the release of this confidential data. Please take a look and let us know if you see any needed edits and we can finalize same and release the referenced data.

The County urges CCL to accept this much more reasonable briefing proposal and to let the Court adjudicate the merits of the County's requested relief for a temporary relocation fund with all due speed. The residents have suffered enough, and further delays simply add insult to injury. The County also offers these additional thoughts on the inherent unreasonable nature of your ask to have an almost 2-month delay on your opening brief (from June 12th to August 9th) and the County's inability to agree to such a delayed

litigation scenario which includes:

1. The Local Rules already have a process for examination of declarants in a preliminary injunction motion hearing, and the County stands ready to meet and confer regarding parameters for that (i.e., the number of witnesses, time estimates, factual disputes, etc.), but no discovery beyond Rule 7-8 is warranted or justified here. I would note that this need for live testimony under Rule 7-8 is predicated on the foundational issue of any factual dispute(s). Here, the underlying facts are not in dispute: that the noxious reaction exists, that the complaints are extensive, and that the reaction and its attendant odors impacts the public's ability to use their homes and enjoy their outdoor spaces. The dispute at hand in this matter is related to the scope and nature of the remedy. Nevertheless, we are ready to meet and confer with you and hear the scope of the disputed issues that CCL can offer that would require live testimony. I would note that of the County's 11 declarants, 3 are residents and 1 is counsel who authenticated records, which realistically leaves just 7 declarants. The County has informed all the declarants to keep July 17th open and be available to testify should the Court allow such under Rule 7-8. This set schedule will become quite problematic should CCL's proposal move forward and demand the need to contact the various declarants and their counsel to find a new hearing date.

2. The discovery requests are excessive, and an obvious delay tactic, and we will not stipulate. CCL has no justification to leapfrog ahead of all the other parties and avoid the limits of the discovery order. And, CCL has offered no support for such a position in a multi-party case of this nature with its companion case management plans within the Central District.

3. The documents that CCL references are already in your possession, custody, and control as Judge Frimprong noted as well at the hearing on the Motion to Dismiss.

4. The hearing date was set in keeping with the 42 days' notice required by Judge Frimprong's standing order and your protestations on the swiftness of the hearing date fails to acknowledge the underlying critical nature of a preliminary injunction is to halt the irreparable harm the community is suffering. Your narrative of the timing leaves out several important facts,

including that CCL stopped its relief program in February and that the reaction continues to grow with no end date on the horizon for the community.

The County again offers to grant CCL a modest extension to the briefing schedule and to entertain any dates you may want to suggest but it is imperative that the July 17th hearing date remain on calendar.

The County looks forward to hearing your response to our counter proposal.
Best
Deborah