# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, by and through Dawyn R. Harrison, County Counsel for the County of Los Angeles, and THE COUNTY OF LOS ANGELES,<br><br>                Plaintiffs,<br><br>        v.<br><br>CHIQUITA CANYON, LLC, a Delaware limited liability company, CHIQUITA CANYON, INC., a Delaware corporation, and WASTE CONNECTIONS US, INC., a Delaware corporation,<br><br>                Defendants. | Case No. 2:24-cv-10819 MEMF (MARx)<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**STIPULATED PROTECTIVE ORDER RELATING TO PRELIMINARY INJUNCTION MOTION**<br><br><br>Action Filed:      December 16, 2024<br>Trial Date:         None Set |

4054101.1

1.    <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

This protective order is necessary in order to facilitate the exchange of information and documents by and between the parties in this Action, including data and information from non-parties, that may be needed in connection with Plaintiffs' Motion for Preliminary Injunction, <u>Dkt. 58</u> ("PI Motion"), and that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and/or privacy rights.  As well, the Parties recognize that discovery for purposes of the PI Motion is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order") for purposes of information exchanged for the PI Motion only.  This Protective Order does not apply to information exchanged more generally in this Action.  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2    <u>GOOD CAUSE STATEMENT</u>

This PI Motion is likely to involve confidential, proprietary, and/or private information such as home addresses, home phone numbers, names of complaining persons to various regulatory agencies, trade secrets, confidential business or financial information, information regarding confidential business practices,

1    customer and pricing lists and other confidential and valuable research,

2    development, commercial, financial, technical and/or proprietary information

3    (including information implicating privacy rights of third parties) for which special

4    protection from public disclosure and from use for any purpose other than litigating

5    the PI Motion is warranted, along with information otherwise generally unavailable

6    to the public, or which may be privileged or otherwise protected from disclosure

7    under state or federal statutes, court rules, case decisions, or common law.

8    Accordingly, to expedite the flow of information, to facilitate the prompt resolution

9    of disputes over confidentiality of discovery materials, to adequately protect

10   information the Parties are entitled to keep confidential, to ensure that the Parties are

11   permitted reasonable necessary uses of such material for litigating the PI Motion,

12   and serve the ends of justice, a protective order for such information is justified in

13   this matter.   The Parties agree that no Party or Non-Party should designate

14   information as CONFIDENTIAL for tactical reasons and that no Party or Non-Party

15   should designate information as CONFIDENTIAL without a good faith belief that it

16   is properly designated as CONFIDENTIAL under the terms of this Protective Order.

17   2.    DEFINITIONS

18        The following definitions apply to this Protective Order:

19        2.1    Action: this pending federal lawsuit.

20        2.2    Challenging Party: a Party or Non-Party that challenges the designation

21   of information or items under this Protective Order.

22        2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

23   how it is generated, stored or maintained) or tangible things that qualify for

24   protection under Federal Rule of Civil Procedure 26(c), and the information

25   specified above in the Good Cause Statement, including confidential, proprietary,

26   and/or private information such as home addresses, home phone numbers, names of

27   complaining persons to various regulatory agencies, trade secrets, confidential

28   business or financial information, information regarding confidential business

practices, customer and pricing lists and other confidential and valuable research, development, commercial, financial, technical and/or proprietary information (including information implicating privacy rights of third parties) for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted, along with information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery or in providing information from a third-party regulatory agency as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, responses to discovery in this matter, and/or production of Non-Party data as part of the issues at play with the Chiquita Canyon Landfill.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and

have appeared in this Action on behalf of that Party or are affiliated with a law firm
which has appeared on behalf of that Party, and includes support staff.

2.11    <u>Party</u>:  any party to this Action, including all of its officers, directors,
employees, consultants, retained experts, and Outside Counsel of Record (and their
support staffs).

2.12    <u>PI Motion:</u>  the preliminary injunction motion filed in this Action on
May 29, 2025, <u>Dkt. 58</u>.

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or
Discovery Material in this Action.

2.14    <u>Professional Vendors</u>:  persons or entities that provide litigation support
services (e.g., photocopying, videotaping, translating, preparing exhibits or
demonstrations, and organizing, storing, or retrieving data in any form or medium)
and their employees and subcontractors.

2.15    <u>Protected Material</u>:  any Disclosure or Discovery Material that is
designated as "CONFIDENTIAL."

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material
from a Producing Party.

2.17    <u>Special Master</u>:  the Hon. Daniel Buckley (Ret.) appointed as Special
Master in the Action pursuant to <u>ECF 68</u>.

3.    <u>"SCOPE</u>

The protections conferred by this Protective Order cover not only Protected
Material (as defined above), but also (1) any information copied or extracted from
Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected
Material; and (3) any testimony, conversations, or presentations by Parties or their
Counsel that might reveal Protected Material.

Any use of Protected Material in the Action apart from with respect to this PI
Motion will be governed by any such further Protective Orders as the Parties may
enter into.  This Protective Order does not govern the use of Protected Material in

the Action generally.  Any use of Protected Material at trial will be governed by the orders of the trial judge.   This Protective Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of the PI Motion, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of the PI Motion; and (2) final adjudication of the PI Motion after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, all Parties reserve their rights to challenge any confidentiality designation at any time, including once the case proceeds to trial, on any basis, including that merits-related documents that are part of the court record are presumptively public.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies as confidential under the Federal Rules of Civil Procedure and as defined in Section 2.3, *supra*.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.   Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

1  unnecessary expenses and burdens on other parties) may expose the Designating
2  Party to sanctions.

3      If it comes to a Designating Party's attention that information or items that it
4  designated for protection do not qualify for protection, that Designating Party must
5  promptly notify all other Parties that it is withdrawing the inapplicable designation.

6      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
7  this Protective Order (*see, e.g.*, Section 5.2(a), *infra*), or as otherwise stipulated or
8  ordered, Disclosure or Discovery Material that qualifies for protection under this
9  Protective Order must be clearly so designated before the material is disclosed or
10  produced.

11      Designation in conformity with this Protective Order requires:

12      (a)    for information in documentary form (e.g., paper or electronic
13  documents, but excluding transcripts of depositions or other pretrial or trial
14  proceedings), that the Producing Party affix, at a minimum, the legend
15  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
16  contains protected material.   If only a portion or portions of the material on a page
17  qualifies for protection, the Producing Party also must clearly identify the protected
18  portion(s) (e.g., by making appropriate markings in the margins or by marking a
19  spreadsheet column, row, or cell as confidential).

20      (b)    for testimony given in depositions, that the Designating Party identify
21  the "Confidential" testimony on the record, by specifying all portions of the
22  testimony that qualify as Confidential on the record before the close of the
23  deposition; or by designating the entirety of the testimony at the deposition as
24  "Confidential" before the deposition is concluded, with the right to identify more
25  specific portions of the testimony as to which protection is sought within 5 days of
26  receipt of the deposition transcript.

27      (c)    for information produced in some form other than documentary and for
28  any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected upon discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

<u>6. CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Orders. Challenges may be raised before the Special Master.

6.2 <u>Meet and Confer.</u> To challenge a CONFIDENTIAL designation, the Challenging Party must first initiate the dispute resolution process under Local Rule 37.

6.3 The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court or Special Master rules on the challenge.

<u>7. ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this PI

Motion only for prosecuting, defending, or attempting to settle this PI Motion, unless otherwise agreed to by the Parties.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.   Upon Final Disposition of the PI Motion, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court, Special Master, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     the Special Master;

(f)     court reporters and their staff;

(g)     Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

9

(i)    during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto.    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may  be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(j)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k) any other person on such terms and conditions as the Parties may mutually agree, in writing, or as the Court or Special Master may hereafter direct by further order.

7.2    Use of "CONFIDENTIAL" Information or Items.

In the event a Party wishes to use CONFIDENTIAL information or items:

(a) The Party wishing to use information that has been designated by the Designating Party as CONFIDENTIAL in any filing related to the PI Motion shall give the Designating Party reasonable advance written notice of the Party's desire to use such information and the Parties shall confer in good faith and attempt to agree to the use of CONFIDENTIAL information in lieu of filing materials under seal, including use of redacted documents or summaries of the information to avoid disclosure of the protected information.

(b) Upon request, the Designating Party shall in good faith attempt to identify the specific information that would be required to be placed under seal so that redacted copies can be used as exhibits in filings and at hearings if possible.

(c) Absent agreement among the Parties or applicable non-parties, the Party wishing to use the information, documents, or material shall redact such filings for CONFIDENTIAL information and file unredacted versions under seal as specified in Section 12.3;

(d) Before any hearings, oral arguments, or other appearances in Court or before the Special Master with respect to the PI Motion, the parties shall confer and attempt to agree on the procedures under which CONFIDENTIAL information may be introduced into evidence or otherwise disclosed, discussed or used at such hearing, oral argument, or appearance. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Non-Party producing any CONFIDENTIAL information, documents, or material which may be used or introduced at such hearing, argument, or appearance. Absent agreement among the Parties (and, if applicable, producing Non-Parties), the Court or Special Master shall be asked to issue an order governing the use of such CONFIDENTIAL information, documents, or material at the hearing, argument, or appearance related to the PI Motion upon reasonable notice to all Parties and any Non-Parties who have produced such discovery.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party.   Such notification will include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.    Such notification will include a copy of this Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action

STIPULATED PROTECTIVE ORDER RELATING TO PRELIMINARY INJUNCTION MOTION

as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Protective Order are applicable to information produced by a Non-Party for purposes of the PI Motion and designated as "CONFIDENTIAL."   Such information produced by Non-Parties in connection with this PI Motion is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party may

produce the Non-Party's confidential information responsive to the discovery request, with the same assertion of confidentiality made by the Non-Party when it provided the confidential information to the Receiving Party.   If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

1  product protection, the Parties may incorporate their agreement in the stipulated

2  protective order submitted to the Court.

3  12.    MISCELLANEOUS

4       12.1    Right to Further Relief.  Nothing in this Protective Order abridges the

5  right of any person to seek its modification by the Court in the future.

6       12.2    Right to Assert Other Objections.  By stipulating to the entry of this

7  Protective Order, no Party waives any right it otherwise would have to object to

8  disclosing or producing any information or item on any ground not addressed in this

9  Protective Order.  Similarly, no Party waives any right to object on any ground to

10  use in evidence of any of the material covered by this Protective Order.

11       12.3    Filing Protected Material.  A Party that seeks to file under seal any

12  Protected Material must comply with Civil Local Rule 79-5.   Protected Material

13  may only be filed under seal pursuant to a court order authorizing the sealing of the

14  specific Protected Material at issue.  If a Party's request to file Protected Material

15  under seal is denied by the Court, then the Receiving Party may file the information

16  in the public record  unless otherwise instructed by the Court.

17  13.    FINAL DISPOSITION

18       After the final disposition of the PI Motion, as defined in Section 4, within 60

19  days of a written request by the Designating Party, each Receiving Party must return

20  all Protected Material to the Producing Party or destroy such material.   As used in

21  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

22  summaries, and any other format reproducing or capturing any of the Protected

23  Material.   Whether the Protected Material is returned or destroyed, the Receiving

24  Party must submit a written certification to the Producing Party (and, if not the same

25  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

26  (by category, where appropriate) all the Protected Material that was returned or

27  destroyed, and (2) affirms that the Receiving Party has not retained any copies,

28  abstracts, compilations, summaries or any other format reproducing or capturing any

of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). The Parties may further mutually agree, in writing, on such other terms and conditions governing the use of Protected Material in the Action after final disposition of the PI Motion, such as making the Protected Material subject to a future protective order, or as the Court or Special Master may hereafter direct by further order.

14.    Any willful violation of this Protective Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:


DATED:  June 16, 2025          MEYERS NAVE



                               By:      /s/Jenny L. Riggs
                                   DEBORAH J. FOX
                                   JENNY L. RIGGS
                                   CATHERINE L. CARLISLE
                                   SEENA M. SAMIMI
                                   Attorneys for Plaintiffs
                                   THE PEOPLE OF THE STATE OF
                                   CALIFORNIA and THE COUNTY OF
                                   LOS ANGELES

1  DATED:  June 16, 2025          Paul S. Chan
2                                 Ariel A. Neuman
                                   Shoshana E. Bannett
3                                 Alex M. Cronin
                                   BIRD, MARELLA, RHOW, LINCENBERG,
4                                 DROOKS & NESSIM, LLP
5
                                   Jacob P. Duginski
6                                 Kaitlyn D. Shannon
                                   Megan L. Marzec Morgan
7                                 Katelyn E. Ciolino
                                   BEVERIDGE & DIAMOND, P.C.
8
9
10
11                                By:  ___/s/Katelyn E. Ciolino___
                                       KATELYN E. CIOLINO
12
13                                Attorneys for Defendants
                                   CHIQUITA CANYON, LLC, CHIQUITA
14                                CANYON, INC., and WASTE
                                   CONNECTIONS US, INC.
15
16
17  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
18
19  DATED:  6/30/2025            _____
20                                 HON. MARGO A. ROCCONI
                                   United States Magistrate Court Judge
21
22
23
24  6210928
25
26
27
28

4054101.1                              16
STIPULATED PROTECTIVE ORDER RELATING TO PRELIMINARY INJUNCTION MOTION

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *The People of the State of California v. Chiquita Canyon, LLC*, USDC Case No. 2:24-cv-10819-MEMF (MARx) for purposes of litigating the Preliminary Injunction Motion [Dkt. 58]. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.   I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

5947158

4054101.1

17

STIPULATED PROTECTIVE ORDER RELATING TO PRELIMINARY INJUNCTION MOTION

1

## **ATTESTATION**

2          Pursuant to Civil L.R. 5-4.3.4(a)(2)(1), I attest that all other signatories listed,

3    and on whose behalf this filing is submitted, concur in the filing's content and have

4    authorized the filing.

5

6    DATED:  June 16, 2025          MEYERS NAVE

7

8

9                                        By:  ____/s/Jenny L. Riggs_____

10                                             DEBORAH J. FOX
                                             JENNY L. RIGGS
11                                             CATHERINE L. CARLISLE
                                             SEENA M. SAMIMI
12                                             Attorneys for Plaintiffs
                                             THE PEOPLE OF THE STATE OF
13                                             CALIFORNIA and THE COUNTY OF
                                             LOS ANGELES
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28