UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-10819-MEMF-MAR                              Date: July 7, 2025

Title    *The People of the State of California et al v. Chiquita Canyon, LLC et al*

Present: The Honorable:    Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order DENYING Ex Parte Application to Shorten Time for Rule 702
Motions [ECF No. 101] and Motions in Limine [ECF Nos. 99, 100]**

The Court is in receipt of Defendants' Ex Parte Application to Shorten Time for Rule 702
Motions. ECF No. 101 ("Ex Parte Application"). The Court is also in receipt of Defendants'
Motion *in Limine* to Exclude Non-Expert Evidence (ECF No. 99 ("Non-Expert MIL")) and
Motion *in Limine* to Exclude Expert Opinions (ECF No. 100 ("Expert MIL")).[1] For the foregoing
reasons, the Court DENIES the Ex Parte Application, the Non-Expert, and the Expert MIL.

A court "may consider inadmissible evidence on a motion for preliminary injunction." *Pucicle,
Inc. v. Church & Dwight Co., Inc.*, 568 F. Supp. 2d 1144, 1147 (C.D. Cal. 2008) (quoting *Flynt
Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir.1984) ("The urgency of obtaining a
preliminary injunction necessitates a prompt determination and makes it difficult to obtain
affidavits from persons who would be competent to testify at trial. The trial court may give even
inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable
harm.")).

---

[1] The Court notes that the Ex Parte Application and the two motions *in limine* are not opposed. Despite Plaintiffs'
July 1, 2025 email to Chambers that they intend to oppose the Ex Parte Application no later than end of the day
Thursday July 3, 2025, Plaintiffs have not filed any oppositions as of the morning of July 7, 2025. The Court
emphasizes to the parties that they should exercise precaution before representing to the Court that commitment to
any action or deadline.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-10819-MEMF-MAR                                      Date: July 7, 2025

Title   *The People of the State of California et al v. Chiquita Canyon, LLC et al*

Defendants argue that some of the government official declarants[2] "offer expert opinions that go well beyond common lay knowledge and are not rationally based on their own perception"; that their testimony is based on irrelevant or unfairly prejudicial facts; and that the factual representations underlying their testimony are "not final decisions" of the relevant agencies. *See generally* Non-Expert MIL. As to Dr. Harold Campbell, Defendants argue that his testimony is unreliable because (1) the Department of Public Health's survey on odors was not conducted in accordance with generally accepted statistical principles and (2) Dr. Campbell's opinions based on the South Coast Air Quality Management District's complaint maps are unreliable. *See generally* Expert MIL.

The Court finds these arguments unavailing. As the Ninth Circuit in *Flynt Distributing* instructs, when evidence is not presented in an admissible form at motion for preliminary injunction but could be later presented in an admissible form at trial, a court may still consider the evidence for the purposes of preliminary injunction motion. *See Flynt Distrib. Co.*, 734 F.2d at 1394. Also, the Court finds Defendants' arguments in the Expert MIL go toward the weight, not admissibility, of Dr. Campbell's testimony. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1047 (9th Cir. 2014) ("*Daubert*, however, does not forbid admission of a report where the weight of the conclusions [is] subject to challenge.") (citation and internal quotation marks omitted). It is also noteworthy that the instant action is still in its early stages where discovery has not yet begun. Identification of any defect with respect to expert designation is premature. For these reasons, the Court DENIES the two *motions in limine*.

Because the Court finds the underlying motions *in limine* unavailing, the Court FURTHER DENIES the Ex Parte Application.

In sum, the Court ORDERS as follows:

1. The Ex Parte Application (ECF No. 101) is DENIED.
2. The Non-Expert MIL (ECF No. 99) is DENIED.
3. The Expert MIL (ECF No. 100) is DENIED.

---

[2] These declarants are Mark deBie, Elizabeth Anne Berg, Alex Garcia, Amanda Sanders, and Shikari Nakagawa-Ota.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-10819-MEMF-MAR                              Date: July 7, 2025

Title      *The People of the State of California et al v. Chiquita Canyon, LLC et al*


**IT IS SO ORDERED.**

|                          |   |   :   |
|--------------------------|---|-------|
| **Initials of Preparer** |   |  DBE  |